**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED
Nov 17 10 05 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| **RICHARD F. MASSARO** <br> **Plaintiff** <br><br> **v:** <br><br> **ALLINGTOWN FIRE DISTRICT, ALLINGTOWN BOARD OF FIRE COMMISSIONERS, LOUIS ESPOSITO, JOHN SAMPERI AND AARON HALEY** <br> **Defendants** | **CIVIL CASE NO. 3:02CV537 (PCD)** <br><br> **November 13, 2003** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REVISE THE SCHEDULE FOR COMPLIANCE WITH THE TRIAL PREPARATION ORDER**

The Plaintiff Richard Massaro, by and through his attorney Eugene N. Axelrod, Esq. of the Employment Law Group, LLC, hereby submits this Memorandum in Support of the Plaintiff's Motion to Revise the Schedule for Compliance with the Trial Preparation Order.

**Procedural Posture**

Plaintiff, Richard Massaro, brought this action for violation of his constitutional right to property and due process (first, second, and third counts), tampering with communication (fourth count), contract (fifth count), negligent infliction of emotional distress (sixth count), wanton and willful conduct (seventh count) and slander (eight count). The Plaintiff served an amended complaint on the Defendant on October 23, 2002 alleging fraud (first count), breach of contract (second count), breach of covenant of good faith and fair dealing (third count), right to make and enforce contract, 42 U.S.C. 1981 (fourth count), violation of his constitutional rights to free speech, unreasonable searches, unlawful taking of property and liberty (first, fourth and fifth amendments U.S.

Constitution, Art. 1 §4, 7, 8, & 9, fifth count), conspiracy to deprive on account of race 42 U.S.C. 1985(3) (sixth count), eavesdropping Conn. Gen. Stat. 53a-187 & 189 (seventh count), illegal interception of oral communication 18 U.S.C. 2511 (eight count), civil conspiracy (ninth count), fraudulent misrepresentation (tenth count), slander per se (eleventh count), invasion of privacy (twelve count), wanton and willful conduct (thirteenth count), intentional infliction of emotional distress (fourteenth count). Defendants filed a motion to dismiss which was denied by the court on November 22, 2002.

All three law firms representing the respective parties appeared before Magistrate Judge William I. Garfinkel on October 30, 2003 pursuant to a settlement order. As a result of this meeting, Magistrate Garfinkel, inter alia, required the Defendants to develop their own settlement figures and report back to the court with their initial offer to enable the figure to be conveyed to Plaintiff's counsel. The purpose is to ascertain if settlement negotiations sponsored by the court or otherwise by the parties would proceed. The settlement process involving furnishing of the settlement offer is still ongoing at this time.

No less than nine (9) depositions have been conducted during discovery on this case. Extensive efforts were made to hold the deposition of Fire Commissioner John Samperi and on each occasion Commissioner Samperi failed appear and could not be found, necessitating additional depositions and motion practice before the court. Throughout the discovery process, the Plaintiff has diligently pursued the prosecution of this case

On October 23, 2003, the Court issued a Trial Preparation Order which providing in part that Section A was due by the Plaintiff on November 7, 2003. However, the Plaintiff first became aware of the Trial Preparation Order upon receiving a telephone call from the Defendant requesting a copy of Plaintiff's Section A response. The Plaintiff then undertook a diligent search of the law firm office to determine if they had received the Trial Preparation Order. The Plaintiff confirmed that they had not received a copy of the Trial Preparation Order and called the Defendant to inform them of that fact. The Defendant graciously faxed a copy of the order to the Plaintiff and informed Plaintiff's counsel that the Defendant would have no objection to Plaintiff's request to seek additional time from the Court to submit their Section A response.

**Factual Background**

The Plaintiff commenced employment as Chief of the Defendant, Allingtown Fire District, on June 15, 1999. The parties executed a written contract for a ten (10) year term. On or about November 2, 2002 the Plaintiff was informed that the district was scheduling a hearing to address alleged misconduct of the Plaintiff and possible disciplinary action arising out of alleged use of racial slurs by the Plaintiff while engaged in an oral conversation in his office. Members of the Defendant Board of Fire Commissioners,[1] made statements reproduced in newspapers and television indicating their desire and intent to terminate the Plaintiff's employment as a result of the statements allegedly made by the Plaintiff and illegally intercepted. The Plaintiff, knowing, beyond any reasonable doubt, of the intent of the Board of Fire Commissioners and the preordained purpose and outcome of the hearing, did not appear at the hearing. Rather

[1] It was subsequently learned that the Board of Fire Commissioners was not duly and properly constituted and could not have legally presided over the hearing.

than submitting to such a biased and unfair hearing, the Plaintiff, under the duress of a preannounced result, being fired, suffering from hypertension retired under a disability as negotiated by different counsel. However, the Plaintiff expressly and in writing reserved his right to contest the events, and his loss of the contractually secured position as Chief of the Allingtown Fire District.

**Argument**

**I. The Plaintiff never received the Court's Trial Preparation Order dated October 23, 2003**

"Where...the docket show[s] that the judgment was mailed by the clerk of the court to the parties, and there is no evidence that the mailing was returned to the clerk by the post office, there is a presumption of receipt...This presumption of receipt can be rebutted by a specific factual denial of receipt." Bourgal v. Robco Contr. Enters., 17 F.Supp.2d 129, 132-133 (E.D.N.Y. 1998) (granting defendant's motion to reopen time to appeal pursuant to Fed. R. App. P. 4(a)(6)). In order to rebut this presumption, counsel must submit "a credible sworn declaration that he did not receive such notice." Rodriguez v. City of New York, 1999 U.S. Dist LEXIS 7297 (S.D.N.Y. 1999).

The Court issued the Trial Preparation Order on October 23, 2003, providing that Section A was due by the Plaintiff on November 7, 2003. Upon not receiving Section A from the Plaintiff, counsel for the Defendant called this law firm on November 11, 2003 to request a copy of Plaintiff's Section A. It was during this telephone call that Plaintiff first became aware of the issuance of a Trial Preparation Order. The Plaintiff then undertook a diligent search of the law firm office to confirm if they had received the Trial Preparation Order. The Plaintiff discovered that they had not received a copy of the Trial Preparation Order and called the Defendant to inform them of that fact. Counsel for the

Defendant graciously faxed a copy of the Trial Preparation Order to Plaintiff's counsel on November 11, 2003. Counsel for the Plaintiff attests that he never received a copy of the Trial Preparation Order, was never aware that said order was issued until receiving a telephone call from Defendant's counsel and diligently searched the law firm's office in search of the court's order. (See attached affidavit)

**II. As the result of never receiving the Trial Preparation Order, the court should grant Plaintiff's Motion for a Revision of Schedule for Compliance with Trial Preparation Order.**

As stated above having not received the Trial Preparation Order the Plaintiff was unaware of its existence and therefore could not comply with the terms of the order. This very Court has previously allowed for revisions of the schedule for compliance when a party did not comply with the terms of the Trial Preparation Order. In CB Richard Ellis Inc. v. O'Hara, 2003 U.S. Dist. LEXIS 18474 (D. Conn 2001) (Dorsey), the plaintiff moved for default because defendant failed to comply with the court's trial preparation order. The court denied plaintiff's motion for default because the defendant had complied with the trial preparation order, although 10 days late. "Parties should not be denied relief solely because of a procedural error or unless clearly contumacious behavior is involved." Id.

Having not received the Court's Trial Preparation Order, the Plaintiff, perforce, could not have complied with the court-mandated schedule. The Plaintiff, Richard Massaro, therefore should not be severely prejudiced when he was never presented with the opportunity to demonstrate compliance with the Trial Preparation Order. Accordingly, because of "procedure error" and no evidence of "contumacious behavior"

on the part of Plaintiff's counsel, the Plaintiff should be given the opportunity to complete Section A.

**III. The present situation falls within the Court's allowance for the modifying of a scheduling order upon good cause**

Fed. R. Civ. P. 16(b) states that the scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." The Second Circuit applied Fed. R. Civ. P. 16(b) and the accompanying advisory committee notes to the 1983 amendments when they stated in Parker v. Columbia Pictures Industries, 204 F.3d 326, 340, "Where the moving party has demonstrated good cause, the court may grant leave to amend the scheduling order to extend the deadline." Parker at 340. See also, Grochowski v. Phoenix Contruction, 318 F.3d 80, 86 ("The Court's scheduling order 'shall not be modified except upon a showing of good cause'" and "A finding of good cause depends on the diligence of the moving party."), Lowry v. Eastman Kodak, Co., 14 Fed. Appx. 27, 30 (Under Fed. R. Civ. P. 16(b) District Court scheduling orders 'shall not be modified except upon a showing of good cause'"), Sigros v. Walt Disney World, Co., 190 F. Supp. 2d 165, 169 ("The Court may modify the scheduling order upon good cause shown."), Associated Imports, Inc. v. International Longshoremen's Assn., et. al, 1986 U.S. Dist. LEXIS 29681 (The court granted Defendant's motion for an extension of the discovery deadline after a finding that the defendant had been reasonably diligent in completing discovery and that the extension was reasonable in the circumstances of the case.)

The Plaintiff's counsel throughout this case has shown no history of failing to comply with court orders, proceeding with discovery, or failing in their due diligence in the prosecution of this case. They have conducted a full and extensive search of the law

firm's office to confirm that the Trial Preparation Order was not received. In addition, this office has procedures for when mail arrives. The mail is logged into a computer, a copy is distributed to the involved attorneys, the original is placed into the file, the due date is posted on a large calendar, and the attorneys receive a twice-weekly memorandum advising them of upcoming responsibilities. None of these procedures revealed the existence of the Trial Preparation Order. Based on the firm's proactive approach to litigation, the redundant systems employed to ensure that motions and correspondence are appropriately marked and recorded, the probability of the Trial Preparation Order not being received from the Court is extremely high. Therefore, good cause exist to grant the Plaintiff request to revise the schedule to allow for them to submit their Section A response to the Trial Preparation Order.

**Conclusion**

For the foregoing reasons the Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Revise the Schedule for Compliance with the Trial Preparation Order.

The Plaintiff,
Richard Massaro

By:________________________

Eugene N. Axelrod, Esq. (ct 00309)
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge CT 06525
Tel: (203) 389-6526
Fax: (203) 389-2656

**CERTIFICATION**

This is to certify that a copy of the foregoing was sent via first class mail on this 14th day of November 2003 to the following counsel of record:

Paul J. Dorsi, Esq.
Donahue, Votto & DeGennaro, P.C.
415 Main Street
West Haven CT 06516

Thomas E. Katon, Esq.
Sussman, Duffy & Segaloff, P.C.
55 Whitney Avenue
New Haven CT 06507

Eugene N. Axelrod, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RICHARD F. MASSARO : CIVIL CASE NO.
: 3:02CV537(PCD)
PLAINTIFF :
:
V. :
:
ALLINGTOWN FIRE DISTRICT, :
ALLINGTOWN BOARD OF FIRE :
COMMISSIONERS, LOUIS ESPOSITO, :
JOHN SAMPERI AND AARON HALEY : NOVEMBER 14, 2003
:
DEFENDANTS

AFFIDAVIT IN SUPPORT OF MOTION TO REVISE PRETRIAL ORDER

The undersigned being duly sworn, deposes and says:

1. I am over the age of eighteen and believe in the obligation of an oath.

2. I am fully familiar with the facts of this case heretofore had herein.

3. I have read the accompanying *Motion To Revise The Schedule For Compliance With The Trial Preparation Order* and *Memorandum In Support Of Plaintiff's Motion To Revise The Schedule For Compliance With The Trial Preparation Order* and believe them to be true and accurate.

Dated at Woodbridge, Connecticut this 14th day of November, 2003.

Eugene N. Axelrod

Subscribed and Sworn to this 14 day of November, 2003.

Melissa Toddy, Esq.

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed postage prepaid to the on this 14th day of November to the following counsel of record:

Paul Dorsi, Esq.
Dohahue, Votto0 & DeGennaro, P.C.
415 main Street
West Haven, CT 06516

Thomas E. Katon, Esq.
Sussman, Duffy & Segaloff, PC
55 Whitney Avenue
P.O. Box 1684
New Haven, CT 06507

Eugene N. Axelrod

M: Afff Mot Revise Pretrial order