UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC 12 P 5:08

| | |
|---|---|
| RICHARD F. MASSARO<br>Plaintiff<br><br>v:<br><br>ALLINGTOWN FIRE DISTRICT,<br>ALLINGTOWN BOARD OF FIRE<br>COMMISSIONERS, LOUIS ESPOSITO,<br>JOHN SAMPERI AND AARON HALEY<br>Defendants | CIVIL CASE NO.<br>3:02CV537 (PCD)<br><br>December 12, 2003 |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REVISE THE SCHEDULE FOR COMPLIANCE WITH THE TRIAL PREPARATION ORDER

The Plaintiff Richard Massaro, by and through his attorney Eugene N. Axelrod, Esq. of the Employment Law Group, LLC, hereby submits this Memorandum in Support of the Plaintiff's Motion to Revise the Schedule for Compliance with the Trial Preparation Order.

### Procedural Posture

Plaintiff, Richard Massaro, brought this action for violation of his constitutional right to property and due process (first, second, and third counts), tampering with communication (fourth count), contract (fifth count), negligent infliction of emotional distress (sixth count), wanton and willful conduct (seventh count) and slander (eight count). The Plaintiff served an amended complaint on the Defendant on October 23, 2002 alleging fraud (first count), breach of contract (second count), breach of covenant of good faith and fair dealing (third count), right to make and enforce contract, 42 U.S.C. 1981 (fourth count), violation of his constitutional rights to free speech, unreasonable searches, unlawful taking of property and liberty (first, fourth and fifth amendments U.S.

4

Constitution, Art. 1 §4, 7, 8, & 9, fifth count), conspiracy to deprive on account of race 42 U.S.C. 1985(3) (sixth count), eavesdropping Conn. Gen. Stat. 53a-187 & 189 (seventh count), illegal interception of oral communication 18 U.S.C. 2511 (eight count), civil conspiracy (ninth count), fraudulent misrepresentation (tenth count), slander per se (eleventh count), invasion of privacy (twelve count), wanton and willful conduct (thirteenth count), intentional infliction of emotional distress (fourteenth count). Defendants filed a motion to dismiss which was denied by the court on November 22, 2002.

All three law firms representing the respective parties appeared before Magistrate Judge William I. Garfinkel on October 30, 2003 pursuant to a settlement order. As a result of this meeting, Magistrate Garfinkel, <u>inter alia</u>, required the Defendants to develop their own settlement figures and report back to the court with their initial offer to enable the figure to be conveyed to Plaintiff's counsel. The purpose is to ascertain if settlement negotiations sponsored by the court or otherwise by the parties would proceed. The settlement process involving furnishing of the settlement offer is still ongoing at this time.

No less than nine (9) depositions have been conducted during discovery on this case. Extensive efforts were made to hold the deposition of Fire Commissioner John Samperi and on each occasion Commissioner Samperi failed appear and could not be found, necessitating additional depositions and motion practice before the court. Throughout the discovery process, the Plaintiff has diligently pursued the prosecution of this case

On October 23, 2003, the Court issued a Trial Preparation Order which providing in part that Section A was due by the Plaintiff on November 7, 2003. However, the Plaintiff first became aware of the Trial Preparation Order upon receiving a telephone call from the Defendant requesting a copy of Plaintiff's Section A response. The Plaintiff then undertook a diligent search of the law firm office to determine if they had received the Trial Preparation Order. The Plaintiff confirmed that they had not received a copy of the Trial Preparation Order and called the Defendant to inform them of that fact. The Defendant graciously faxed a copy of the order to the Plaintiff and informed Plaintiff's counsel that the Defendant would have no objection to Plaintiff's request to seek additional time from the Court to submit their Section A response. By Order dated December 9, 2003, this Court granted an enlargement until December 12, 2003 to complete PreTrail preparation Order.

On December 1, 2003 the attorney for plaintiff was diagnosed as suffering from Influenza, Bronchitis complicated his chronic asthmatic condition. Since suffering with the the aforsaid conditions and complications counsel has been under treatment by his physician Dr. J. F. Hoenig. As a result counsel has been largely confined to bed and restricted to a very limited work regimen.

## Factual Background

The Plaintiff commenced employment as Chief of the Defendant, Allingtown Fire District, on June 15, 1999. The parties executed a written contract for a ten (10) year term. On or about November 2, 2002 the Plaintiff was informed that the district was scheduling a hearing to address alleged misconduct of the Plaintiff and possible disciplinary action arising out of alleged use of racial slurs by the Plaintiff while engaged

6

in an oral conversation in his office. Members of the Defendant Board of Fire Commissioners,[1] made statements reproduced in newspapers and television indicating their desire and intent to terminate the Plaintiff's employment as a result of the statements allegedly made by the Plaintiff and illegally intercepted. The Plaintiff, knowing, beyond any reasonable doubt, of the intent of the Board of Fire Commissioners and the preordained purpose and outcome of the hearing, did not appear at the hearing. Rather than submitting to such a biased and unfair hearing, the Plaintiff, under the duress of a preannounced result, being fired, suffering from hypertension retired under a disability as negotiated by different counsel. However, the Plaintiff expressly and in writing reserved his right to contest the events, and his loss of the contractually secured position as Chief of the Allingtown Fire District.

. Plaintiff asks this court to take notice that Influenza is reported to be particularly virulent and widespread this year. The Plaintiff, Richard Massaro, therefore should not be severely prejudiced when his counsel has temporarily been physically prevented from completion of the Trial Preparation Order. No evidence of "contumacious behavior" has been engaged in on the part of Plaintiff's counsel, the Plaintiff should be given the opportunity to complete Section A.

I. **The present situation falls within the Court's allowance for the modifying of a scheduling order upon good cause**

Fed. R. Civ. P. 16(b) states that the scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." The Second Circuit applied Fed. R. Civ. P. 16(b) and the accompanying advisory committee notes to the 1983 amendments when they stated in <u>Parker v. Columbia Pictures Industries</u>, 204 F.3d

---

[1] It was subsequently learned that the Board of Fire Commissioners was not duly and properly constituted

7

326, 340, "Where the moving party has demonstrated good cause, the court may grant leave to amend the scheduling order to extend the deadline." Parker at 340. See also, Grochowski v. Phoenix Contruction, 318 F.3d 80, 86 ("The Court's scheduling order 'shall not be modified except upon a showing of good cause'" and "A finding of good cause depends on the diligence of the moving party."), Lowry v. Eastman Kodak, Co., 14 Fed. Appx. 27, 30 (Under Fed. R. Civ. P. 16(b) District Court scheduling orders 'shall not be modified except upon a showing of good cause'"), Sigros v. Walt Disney World, Co., 190 F. Supp. 2d 165, 169 ("The Court may modify the scheduling order upon good cause shown."), Associated Imports, Inc. v. International Longshoremen's Assn., et. al, 1986 U.S. Dist. LEXIS 29681 (The court granted Defendant's motion for an extension of the discovery deadline after a finding that the defendant had been reasonably diligent in completing discovery and that the extension was reasonable in the circumstances of the case.)

The Plaintiff's counsel throughout this case has shown no history of failing to comply with court orders, proceeding with discovery, or failing in their due diligence in the prosecution of this case. Plaintiff has presented a note from his treating physician confirming he suffers from the existence of Influenza, Bronchitis which is complicated by the presence of chronic Asthma.

### Conclusion

For the foregoing reasons the Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Revise the Schedule for Compliance with the Trial Preparation Order.

---

and could not have legally presided over the hearing.

              The Plaintiff,
              Richard Massaro

              By: _____
              Eugene N. Axelrod, Esq. (ct 00309)
              The Employment Law Group, LLC
              8 Lunar Drive
              Woodbridge CT 06525
              Tel: (203) 389-6526
              Fax: (203) 389-2656

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail on this 12 day of November 2003 to the following counsel of record:

Paul J. Dorsi, Esq.
Donahue, Votto & DeGennaro, P.C.
415 Main Street
West Haven CT 06516

Thomas E. Katon, Esq.
Sussman, Duffy & Segaloff, P.C.
55 Whitney Avenue
New Haven CT 06507

Eugene N. Axelrod, Esq.

3