```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                      DISTRICT OF CONNECTICUT

*******************************
 RICHARD MASSARO              *   CIVIL ACTION NO.
                              *    3:02 CV 0537 (PCD)
           PLAINTIFF          *
 VS.                          *
 ALLINGTOWN FIRE DISTRICT, ET *   DECEMBER     , 2003
 AL.                          *
           DEFENDANTS         *
*******************************
```

## DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH

The defendants in the above-captioned matter, by their attorney, respectfully submit this Memorandum of Law in opposition to the Motion to Quash (hereinafter "Motion") dated December 30, 2003, and filed by the plaintiff, on or about December 30, 2003.

## FACTS

This is an action brought by the Plaintiff seeking, in part, to recover damages as a result of the Defendants' alleged conspiracy to deprive him of his Constitutional rights on account of his race pursuant to 42 U.S.C. §1985(c), for civil conspiracy, breach of contract, false light, defamation, §1981, illegal eavesdropping under both state and federal law, and to set aside a retirement agreement.

*ORAL ARGUMENT REQUESTED*

On April 30, 2003 [1], the defendants began the depositions of the plaintiff, Richard Massaro, and his wife, Patricia Massaro. Plaintiff's deposition was a contentious matter, wherein plaintiff's counsel registered no fewer than 36 objections, numerous instructions not to answer and requested six recesses and one off the record discussion.  More importantly however, plaintiff's counsel presented counsel for the defendants with a motion for protective order at the outset of plaintiff's deposition.  That motion (being number Doc. No. 33) was ultimately denied by this Court on May 22, 2003.  In addition to the myriad objections and recesses which occurred, the pendency of the plaintiff's motion necessarily truncated the scope of inquiry which could be conducted at the April 30, 2003 deposition.  All parties present acknowledged that the proceeding would be resumed after a ruling was obtained on plaintiff's motion for protective order. At the end of the deposition proceedings on April 30, 2003 it is clear that defense counsel had not finished Mr. Massaro's deposition.  On pages 95-96 of the deposition transcript defense counsel is

---

[1] April 30, 2003 was the date set by the Court for the close of discovery in this case.  The deposition of plaintiff and his wife were scheduled for that date by agreement of all counsel with the understanding that there was the possibility that testimony from both witnesses might not conclude that day.  During the course of Richard Massaro's deposition on April 30, 2003, there was extensive discussion between counsel concerning the times scheduled for the two depositions and whether an "overflow" day should have been scheduled.

2

interrupted by plaintiff's in the middle of a question, to allow plaintiff's counsel to "have a minute" with his client. Plaintiff's counsel then goes back on the record after his colloquy and states "We're going to adjourn for today." (See R. Massaro transcript, pages 95-96, attached hereto as Exhibit A.)[2]

**ARGUMENT**

Rule 30 of the Federal Rules of Civil Procedures provides that a party may take the testimony of any person by deposition.

As set forth in his Motion, the plaintiff claims that the Discovery period with extension closed on April 30, 2003, and that no further extensions were requested. Plaintiff neglects to mention, however, that the deposition in question were suspended as a result of plaintiff's actions and that all parties agreed that inquiry would have to continue at a mutually acceptable date in the future. The notices of deposition at issue here are not new depositions and do not involve new witnesses. As is noted in the title and text of defendants' December 18, 2003 notices of depositions of Richard Massaro and Patricia Massaro, these are continued depositions. It is clear from the transcripts of the

---

[2] Similarly, during the course of the deposition of Patricia Massaro, there was discussion which indicated that the deposition would be continued, as is evidenced in the transcript on pages 79-80 where defense counsel states "can we agree that the court reporter's got to leave now and we can get a mutually acceptable time to resume this?" To which plaintiff's counsel responded "Sure." (See P. Massaro transcript, pages 79-80, attached hereto as Exhibit B.)

3

deponents, Richard Massaro and Patricia Massaro, that counsel for all parties were in agreement that the depositions of these two deponents would be continued at a later date, and that the continued depositions would occur after the close of the Discovery period.  Simply put, the plaintiff suspended his duly noticed deposition and thwarted its conclusion by a motion for protective order which was ultimately denied.  Plaintiff induced defendants' counsel's reliance on a continuation of his deposition by the statements of his counsel at the deposition and more recently in the context of settlement discussions before Magistrate Judge Garfinkel.

    The basis for the plaintiff's motion is disingenuous. Defendants should not be penalized for their reliance on the representations of Plaintiff's counsel that the duly noticed and continued depositions of plaintiff and his wife would necessarily have to be concluded at a later date.

    Plaintiff also states in his motion that Defendants have given no reason or explanation as to why the depositions should take place on the eve of trial.  Defense counsel has contacted plaintiff's counsel on several occasions in an attempt to reach an agreement on dates for the continued depositions, and no agreeable dates were provided to defense counsel.  Upon receipt of notification from the court that jury selection was scheduled for

4

January 9, 2004, defense counsel selected a date prior to the commencement of jury selection for the continued depositions, and noticed the continued depositions regardless of their inability to obtain agreement from plaintiff's counsel on a date, taking into consideration the health issues claimed by plaintiff's counsel and giving as much lead time as possible to plaintiff's counsel between the date of the notices and the date of the depositions.

Finally, the undersigned defense counsel represents that despite the fact that plaintiff's motion to quash states that the plaintiff has attempted to contact both counsel for the defendants and that neither counsel has responded, the undersigned has been advised by co-counsel Paul Dorsi that he indicated to plaintiff's counsel on the morning of December 30, 2003 that he did not consent to plaintiff's motion to quash.

Therefore, the Court should deny the Motion to Quash in its entirety, and order that continued depositions of Richard Massaro and Patricia Massaro be held as noticed.

BY:_____
Thomas E. Katon
Federal Bar No. ct 01565
Susman, Duffy & Segaloff, PC
55 Whitney Avenue, PO Box 1684
New Haven, CT 06507
Telephone No. 203-624-9830
Facsimile No. 203-562-8430

5

E-mail: tkaton@susmanduffy.com

SUSMAN, DUFFY & SEGALOFF, P.C. • ATTORNEYS AT LAW
P.O.BOX 1684 • NEW HAVEN,CONNECTICUT 06507 • (203)624-9830 • JURIS NUMBER 62505

## **CERTIFICATION**

    This is to certify that a copy of the foregoing was sent this date, first-class mail, postage prepaid, and by facsimile transmission, to:

Eugene Axelrod, Esq.
The Employment Law Group
8 Lunar Drive
Woodbridge, CT 06525
fax: 389-2656


Paul J. Dorsi, Esq.
Donahue, Votto & DeGennaro, PC
415 Main Street
West Haven, CT 06516
fax: 932-5967


_____               _____
Date                                 Thomas E. Katon


I:\Client A_E\Allingtown Fire District\Massaro\Pleadings\opposition to motion to quash.wpd