UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| RICHARD MASSARO | \* | CIVIL ACTION NO. |
| | \* | 3:02 CV 0537 (PCD) |
| PLAINTIFF | \* | |
| VS. | \* | |
| | \* | JANUARY 8, 2004 |
| ALLINGTOWN FIRE DISTRICT, ET AL. | \* | |
| | \* | |
| DEFENDANTS | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS', ALLINGTOWN FIRE DISTRICT, ALLINGTOWN BOARD OF FIRE COMMISSIONERS, LOUIS ESPOSITO, AARON HALEY AND CALVIN DELOATCH, ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Allingtown Fire District, Allingtown Board of Fire Commissioners, Louis Esposito, Aaron Haley, and Calvin Deloatch (hereinafter, "these Defendants"), in the above-captioned matter, by their attorney, as their answer and affirmative defenses to the Complaint:

**BY WAY OF ANSWER:**

**BACKGROUND FACTS.**

1.-3.    These Defendants have insufficient knowledge of the matters alleged in Paragraphs 1, 2 and 3 of the Amended Complaint and therefore deny same and leave Plaintiff to his proof.

4.    These Defendants admit Paragraph 4.

5.    These Defendants admit Paragraph 5.  With respect to John Sampieri, these Defendants have insufficient knowledge of the matters alleged in Paragraph 5 of the Amended Complaint and therefore deny same and leave Plaintiff to his proof.

6.    These Defendants have insufficient knowledge of the matters alleged in Paragraph 6 of the Amended Complaint and therefore deny same and leave Plaintiff to his proof.  With respect to certain of the claims made (Article 1, §§1 and 20 and negligent infliction of emotional distress), these Defendants deny same, as no cause of action for same is advanced in the Amended Complaint.

7.    These Defendants have insufficient knowledge of the matters alleged in Paragraph 7 of the Amended Complaint and therefore deny same and leave Plaintiff to his proof.

8.    These Defendants admit Paragraph 8.

9.    These Defendants admit the first sentence of Paragraph 9.  The remainder of Paragraph 9 is denied.

10.   These Defendants admit the first sentence of Paragraph 10.  The remainder of Paragraph 10 is denied.

11.   These Defendants admit the first part of Paragraph 11, as to the remainder of Paragraph 11, these Defendants have insufficient knowledge of the matters alleged therein and therefore deny same and leave Plaintiff to his proof.

12.   These Defendants admit only that Samperi is and at all relevant times was a Commissioner of the Allingtown BOFC.  As to the remainder of the allegations, these Defendants have insufficient knowledge of the matters alleged therein and therefore deny same and leave Plaintiff to his proof.

13.   These Defendants deny that Haley is a Commissioner.  These Defendants admit only that Haley was, at all relevant times, a Commissioner of the Allingtown BOFC.  As to the remainder of the allegations, these Defendants have insufficient knowledge of the matters alleged therein and therefore deny same and leave Plaintiff to his proof.

14.   These Defendants admit that DeLoatch is and at all relevant times was a Commissioner of the Allingtown BOFC and at all times was acting under color of state law.  As to the remainder of the allegations, these Defendants deny same.

15.   These Defendants deny Paragraph 15.

16.   These Defendants admit that DeLoatch was a de facto Commissioner and was at all relevant

times acting under color of state law.  These Defendants deny the remainder of the allegations of Paragraph 16.

17.-19. These Defendants admit Paragraphs 17, 18 and 19.

20.     These Defendants admit the allegations of Paragraph 20 to the extent it alleges that the BOFC never adopted bylaws or a code of ethics.  These Defendants deny the remainder of Paragraph 20.

21.     These Defendants admit that an employment contract was entered into. The alleged contract, however, is not attached to the Amended Complaint as Exhibit A.

22.     These Defendants neither admit or deny the allegations of Paragraph 22 but state that the terms of the relevant contract speak for themselves.

23.-24. These Defendants deny Paragraphs 23 and 24.

25.-31.These Defendants have insufficient knowledge of the matters alleged in Paragraphs 25, 26, 27, 28, 29, 30, and 31 of the Amended Complaint and therefore deny same and leave Plaintiff to his proof.

32.-33. These Defendants admit Paragraphs 32 and 33.

34.     These Defendants have insufficient knowledge of such much of Paragraph 34 that alleges that Commissioner Curtis Edwards was domiciled in Virginia.  These Defendants deny the remainder of Paragraph 34.

35.-43. These Defendants deny Paragraphs 35. 36, 37, 38, 39, 40, 41, 42 and 43.

44.-45. These Defendants have insufficient knowledge of the matters alleged in Paragraphs 44 and 45 of the Amended Complaint and therefore deny same and leave Plaintiff to his proof.

46.-56. These Defendants deny Paragraphs 46, 47, 48, 49, 50, 51, 52, 53, 54, 55 and 56.

57.     These Defendants admit Paragraph 57.

3

58.     These Defendants admit Paragraph 58 to the extent that it alleges that Sampietro was employed by the District and acted under color of state law.  The remainder of Paragraph 58 is denied with respect to actions taken in concert with the BOFC.

59.     These Defendants have insufficient knowledge of the matters alleged in Paragraph 59 of the Amended Complaint and therefore deny same and leave Plaintiff to his proof.

60.-84. These Defendants deny Paragraphs 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83 and 84.

85.     These Defendants have insufficient knowledge of the matters contained in Paragraph 85 of the Amended Complaint and therefore deny same and leave Plaintiff to his proof.

86.     These Defendants have insufficient knowledge of the matters alleged in Paragraph 86 of the Amended Complaint and therefore deny same and leave Plaintiff to his proof.

87.-88. These Defendants have insufficient knowledge of the matters contained in Paragraphs 87 and 88 of the Amended Complaint and therefore deny same and leave Plaintiff to his proof.

89.     These Defendants deny Paragraph 89.

90.     These Defendants neither admit or deny the recitation of the statute set forth in Paragraph 90 but state that the statute speaks for itself.

91.-95. These Defendants deny Paragraphs 91, 92, 93, 94, and 95

96.     These Defendants admit that at all relevant times, Haley was a Commissioner and Chairman of the BOFC acting within the scope of the duties of his position.  The remainder of Paragraph 96 is denied.

97.-100. These Defendants have insufficient knowledge of the matters alleged in Paragraphs 97, 98, 99 and 100 of the Amended Complaint and therefore deny same and leave Plaintiff to his proof.

101.    These Defendants admit Paragraph 101.

102.-107. These Defendants deny Paragraphs 102, 103, 104, 105, 106, and 107.

108.    These Defendants admit that counsel for Plaintiff sent the letter alleged in the Amended

Complaint. These Defendants state that the contents of the letter speak for themselves.

These Defendants deny that the hearing referenced in the letter was a termination hearing.

109.-116. These Defendants deny Paragraphs 109, 110, 111, 112, 113, 114, 115, and 116.

**FIRST COUNT.**

117.    These Defendants reallege and incorporate their responses to Paragraphs 1 through 116,

inclusive, as if fully set forth herein as Paragraphs 1 through 116, inclusive of the First

Count.

118.-129. These Defendants deny Paragraphs 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128,

and 129.

**SECOND COUNT.**

130.    These Defendants reallege and incorporate their responses to Paragraphs 1 through 129,

inclusive, as if fully set forth herein as Paragraphs 1 through 129, inclusive of the Second

Count.

131.-132. These Defendants admit Paragraphs 131 and 132.

133.    These Defendants neither admit or deny the allegations of Paragraph 133 which recite the

terms of the contract alleged in Paragraph 133 but state that the actual terms of the contract

speak for themselves.

134.-137. These Defendants deny Paragraphs 134, 135, 136, and 137.

**THIRD COUNT.**

138.    These Defendants reallege and incorporate their responses to Paragraphs 1 through 137,

5

inclusive, as if fully set forth herein as Paragraphs 1 through 137, inclusive of the Third Count.

139.    These Defendants admit Paragraph 139.

140.    These Defendants neither admit or deny Paragraph 140, insomuch as it sets forth legal conclusions.  These Defendants leave Plaintiff to his proof regarding the legal conclusion set forth in Paragraph 140.

141.-142. These Defendants deny Paragraphs 141 and 142.

**FOURTH COUNT.**

143.    These Defendants reallege and incorporate their responses to Paragraphs 1 through 142, inclusive, as if fully set forth herein as Paragraphs 1 through 142, inclusive of the Fourth Count

144.    These Defendants admit Paragraph 144.

145.-150, These Defendants deny Paragraphs 145, 146, 147, 148, 149 and 150.

**FIFTH COUNT.**

151.    These Defendants reallege and incorporate their responses to Paragraphs 1 through 150, inclusive, as if fully set forth herein as Paragraphs 1 through 150, inclusive of the Fifth Count.

152.-157. These Defendants deny Paragraphs 152, 153, 154, 155, 156, and 157.

**SIXTH COUNT.**

158.    These Defendants reallege and incorporate their responses to Paragraphs 1 through 157, inclusive, as if fully set forth herein as Paragraphs 1 through 157, inclusive of the Sixth Count.

159.-160. These Defendants deny Paragraphs 159 and 160.

**SEVENTH COUNT.**

161.     These Defendants reallege and incorporate their responses to Paragraphs 1 through 160, inclusive, as if fully set forth herein as Paragraphs 1 through 160, inclusive of the Seventh Count.

162.-164. These Defendants deny Paragraphs 162, 163, and 164.

**EIGHTH COUNT.**

165.     These Defendants reallege and incorporate their responses to Paragraphs 1 through 164, inclusive, as if fully set forth herein as Paragraphs 1 through 164, inclusive of the Eighth Count.

166.-170. These Defendants deny Paragraphs 166, 167, 168, 169, and 170.

**NINTH COUNT.**

171.     These Defendants reallege and incorporate their responses to Paragraphs 1 through 170, inclusive, as if fully set forth herein as Paragraphs 1 through 170, inclusive of the Ninth Count.

172.-177. These Defendants deny Paragraphs 172, 173, 174, 175, 176, and 177.

**TENTH COUNT.**

178.     These Defendants reallege and incorporate their responses to Paragraphs 1 through 177, inclusive, as if fully set forth herein as Paragraphs 1 through 177, inclusive of the Tenth Count.

179.-184. These Defendants deny Paragraphs 179, 180, 181, 182, 183, and 184.  Note that Paragraph number 184 refers to "Doremus" who is not a party to this action.

**ELEVENTH COUNT.**

185.     These Defendants reallege and incorporate their responses to Paragraphs 1 through 184,

inclusive, as if fully set forth herein as Paragraphs 1 through 184, inclusive of the Eleventh Count.

186.-194. These Defendants deny Paragraphs 186, 187, 188, 189, 190, 191, 192, 193, and 194.

**TWELFTH COUNT.**

195.    These Defendants reallege and incorporate their responses to Paragraphs 1 through 194, inclusive, as if fully set forth herein as Paragraphs 1 through 194, inclusive of the Twelfth Count.

196.-199. These Defendants deny Paragraphs 196, 197, 198, and 199.

**THIRTEENTH COUNT.**

200.    These Defendants reallege and incorporate their responses to Paragraphs 1 through 199, inclusive, as if fully set forth herein as Paragraphs 1 through 199, inclusive of the Thirteenth Count.

201.-202. These Defendants deny Paragraphs 201 and 202.

**FOURTEENTH COUNT.**

203.    These Defendants reallege and incorporate their responses to Paragraphs 1 through 203, inclusive, as if fully set forth herein as Paragraphs 1 through 203, inclusive of the Fourteenth Count.

204.-207. These Defendants deny Paragraphs 204, 205, 206, and 207.

**<u>BY WAY OF AFFIRMATIVE DEFENSE:</u>**

**First Affirmative Defense:**

Plaintiff knowingly and voluntarily waived claims for breach of his employment agreement by negotiating and accepting the benefits of an early retirement agreement.

**Second Affirmative Defense:**

Plaintiff is estopped to claim breach of employment agreement by acceptance of the benefits of an early retirement agreement.

**Third Affirmative Defense:**

Plaintiff failed to mitigate damages resulting from any purported breach of employment resulting by These Defendants.

**Fourth Affirmative Defense:**

Plaintiff's physical disability in the form of documented heart and hypertension illness made performance of his employment agreement impossible.

**Fifth Affirmative Defense:**

There was an accord and satisfaction, replacing the employment agreement with the retirement agreement.

**Sixth Affirmative Defense:**

Any actions taken by the Defendant BOFC with respect to the negotiation and subsequent performance of Plaintiff's early retirement agreement were ratified by duly constituted members of the BOFC.

**Seventh Affirmative Defense:**

Plaintiff knowingly and voluntarily waived any challenge to the de jure existence, rights or powers of the BOFC by his acceptance of benefits under his early retirement agreement.

**Eighth Affirmative Defense:**

Plaintiff is estopped from denying the existence, rights or powers of the BOFC by his acceptance of benefits under his early retirement agreement.

**Ninth Affirmative Defense:**

Plaintiff is estopped from denying the existence, rights or powers of the BOFC as a result of his consultation and advice received and relied upon by the BOFC from the Plaintiff and counsel retained for the BOFC by the Plaintiff.

**Tenth Affirmative Defense:**

Any actions taken, or statements made, by these Defendants in connection with the investigation of his utterance of racial slurs during the course of his employment are absolutely privileged.

**Eleventh Affirmative Defense:**

Any actions taken by these Defendants with respect to an investigation of Plaintiff's utterance of racial slurs are protected by the doctrine of qualified immunity.

**Twelfth Affirmative Defense:**

The Amended Complaint fails to state a claim because no private cause of action is recognized under Article I, Sections 4 and 8 of the Connecticut Constitution.

**Thirteenth Affirmative Defense:**

The Amended Complaint fails to state a claim because no cause of action exists under Conn. Gen. Stat. §53a-189 for oral communications.

**Fourteenth Affirmative Defense:**

Any claims of alleged conspiracies are barred by the intracorporate conspiracy doctrine.

**Fifteenth Affirmative Defense:**

      Any recovery, if any, should be off set by the amount Plaintiff has received under his

retirement agreement and any award of compensatory damages is subject to a credit for monies

which Plaintiff may receive under his pending heart and hypertension worker's compensation claim.

 

                    THESE DEFENDANTS,
                    ALLINGTOWN FIRE DISTRICT;
                    ALLINGTOWN BOARD OF FIRE
                    COMMISSIONERS; LOUIS ESPOSITO;
                    AARON HALEY; and CALVIN DELOATCH

By: _____
      Paul J. Dorsi, Esq.
      Federal Bar No. ct11864
      Donahue, Votto & DeGennaro, PC
      415 Main Street
      West Haven, CT 06516
      Telephone No. 203-934-6337
      Facsimile No. 203-932-5967
      E-mail: pauljdorsi@aol.com

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing was sent this date first class mail, postage

prepaid to:

Eugene Axelrod, Esq.
The Employment Law Group
8 Lunar Drive
Woodbridge, CT 06525

Thomas E. Katon
Jennifer L. Schancupp
Susman, Duffy & Segaloff, P.C.
55 Whitney Ave.
P.O. Box 1684
New Haven, CT 06507


_____                    _____
Date                                                           Paul J. Dorsi

13