UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
Jan 12  4 07 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN

Richard MASSARO,
    Plaintiff,
vs.                                  Civil No. 3:02cv537 (PCD)

ALLINGTOWN FIRE DISTRICT, ET AL
    Defendant.

## RULING ON MOTION TO QUASH DEPOSITION

Defendants seek to depose Plaintiff and his wife Patricia Massaro. Plaintiff moves [Doc. No. 76] to quash Defendants' Notice of Deposition, dated December 18, 2003. Plaintiff bases his Motion on the fact that discovery closed on April 30, 2003 and that Defendants have not requested an extension of time to conduct further discovery. Moreover, given an impending trial date Plaintiff implies that taking a deposition now would be burdensome.

Defendants note that these depositions were in fact begun on April 30, 2003 and continued at Plaintiff's request. Plaintiff then filed a Motion for a Protective Order [Doc. No. 33], which if granted would have affected the scope of the depositions to be conducted. Thus, Defendants assert, all parties agreed again to continue the proceeding until a ruling was issued on Plaintiff's Motion. On May 22, 2003, Plaintiff's Motion was denied [Doc. No. 41]. Defendants then assert that they attempted to contact Plaintiff on several occasions in order to schedule a date for the continued depositions. Plaintiff apparently never provided any dates. Thus, when Defendants received notice that jury selection was to take place on January 9, 2004, Defendants attempted to select a date to complete the depositions prior to jury selection. The filing of the present Motion has however further delayed the taking of the depositions. As a result,

1

Defendants contend that Plaintiff's attempt to cast the delay as unexplained and based on Defendants' inaction is disingenuous.

While, it would have been prudent for Defendants to have resolved this issue much earlier, Plaintiff hardly has a basis upon which to object to the taking of the depositions. Crediting Defendants account of events, which Plaintiff has not disputed, Plaintiff is as much to blame for the delay as are Defendants. Accordingly, Plaintiff's Motion to Quash [Doc. No. 76] is **denied**. Plaintiff and his wife shall make themselves available for depositions on or before January 23, 2004 at a time and place agreed to by the parties. Absent agreement, the depositions shall be completed at a time and place selected by Defendants.

SO ORDERED. Dated at New Haven, Connecticut, January 12, 2004.

---
Peter C. Dorsey, U.S. District Judge
United States District Court